UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KO IWASAKI,<br>    PLAINTIFF, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO.: 1:25-CV-00128 |
| P&G RARE VIOLINS, INC.<br>(D/B/A "BEIN & FUSHI, INC."),<br>BEN-DASHAN, INC., GABRIEL<br>BEN-DASHAN, INDIVIDUALLY,<br>AND PAIGE BEN-DASHAN,<br>INDIVIDUALLY,<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

PLAINTIFF'S MOTION FOR EXPENSES AND FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ko Iwasaki, ("Plaintiff") and files this, its Motion for Expenses and for Sanctions, and in support thereof shows the Court the following:

I.    INTRODUCTION

1.   This motion arises from Defendant Paige Ben-Dashan's failure to appear for her duly noticed deposition in Chicago on September 22, 2025, without adequate or timely notice. Despite having received proper notice of deposition under Federal Rule of Civil Procedure 30(b)(1), Defendant's counsel did not inform Plaintiff's counsel of Ms. Ben-Dashan's alleged unavailability until the morning of September 21, 2025, barely twenty-seven (27) hours before the scheduled deposition. By that time, Plaintiff's counsel, Tailim Song, was already on his way to the airport for his flight from Dallas for Chicago, and both counsel and the retained court reporter had incurred substantial and non-refundable travel and attendance expenses.[1]

---

[1] A true and correct copy of Tailim Song's expenses is attached herein as Exhibit A.

2.   Defendants' counsel, David Letvin, transmitted the last-minute notice solely by email and by "using the 'message' link on…the firm's website." This was done without any follow-up phone call or confirmation that Plaintiff's counsel had actually received it prior to travel. In fact, Mr. Song did not see the message until after he had arrived in Chicago and completed the trip in reliance on the properly served deposition notice.[2]

3.   Following the missed deposition, Defendants produced two documents purporting to explain Ms. Ben-Dashan's nonappearance: (1) a one-page note from Northwestern Memorial Hospital, dated September 21, 2025, stating only that Ms. Ben-Dashan was "seen and admitted" from September 20–21, 2025, and (2) a letter from defense counsel dated October 2, 2025, labeled "attorney eyes only," summarizing counsel's version of events.[3] Neither document provides sufficient justification for the failure to appear. The hospital note contains no diagnosis or explanation as to Ms. Ben-Dashan's medical condition or incapacity on the date of the deposition. Further, Counsel's letter is not evidence; it merely restates hearsay information and self-serving narrative without sworn declaration or contact information for any treating provider. Moreover, the letter's "attorney eyes only" designation is improper in this context and appears intended to shield the information from judicial review. Together, these materials fall far short of demonstrating "substantial justification" under Rules 30(g)(1) and 37(d) for the failure to appear or for the lack of timely, confirmed notice before Plaintiff's counsel's travel to Chicago.

4.   As a result of Ms. Ben-Dashan's nonappearance, Plaintiff incurred a total of $7,259.30 in expenses, consisting of travel time, airfare, lodging, and the court reporter's appearance fee. Following the missed deposition, Plaintiff's counsel promptly sent written correspondence

---

[2] A true and correct copy of the Unsworn Declaration of Tailim Song is attached herein as Exhibit B.
[3] A true and correct copy of Defendant Paige's doctor's note is attached herein as Exhibit C.

requesting reimbursement of these avoidable costs under Rules 30(g)(1) and 37(d)(3).[4] In the spirit of compromise, Plaintiff even offered to accept reimbursement of only fifty percent (50%) of Mr. Song's billed travel time—an accommodation made entirely in good faith.[5] Defendants, however, have flatly refused to reimburse any amount.[6]

5.   Under Rules 37(d)(3), 30(g)(1) and 37(d), when a deponent fails to appear after being properly noticed, the Court may require the non-appearing party or counsel to pay the reasonable expenses caused by that failure, unless the failure was substantially justified.[7] Here, it was not. Plaintiff respectfully seeks an order awarding reimbursement of $7,259.30 in reasonable expenses associated with Ms. Ben-Dashan's failure to appear, or such other amount as the Court deems just and proper, together with any other relief warranted under Rule 37(d).

## II.   ARGUMENTS AND AUTHORITIES

### A.   Rules 30(g)(1) and 37(d)(3) Require Reimbursement When a Deponent Fails to Appear Without Substantial Justification

6.   Federal Rules of Civil Procedure 30(g)(1) and 37(d)(3) govern the recovery of expenses when a deponent fails to appear for a properly noticed deposition.

7.   Rule 30(g)(1) provides: "A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to attend and proceed with the deposition…"[8]

8.   Similarly, Rule 37(d) states: "The court where the action is pending may, on motion, order sanctions if a party…fails, after being served with proper notice, to appear for that person's deposition."[9] It further states that, "the court must require the party failing to act, the attorney

---

[4] A true and correct copy of Plaintiff's First Email Chain to Defendant's Counsel is attached herein as Exhibit D.
[5] A true and correct copy of Plaintiff's Second Email Chain to Defendant's Counsel is attached herein as Exhibit E.
[6] *Id.*
[7] Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 30(g)(1); Fed. R. Civ. P. 37(d).
[8] Fed. R. Civ. P. 30(g)(1).
[9] Fed. R. Civ. P. 37(d).

advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[10]

9. Together, these provisions create a mandatory cost-shifting rule: when a party fails to appear for a properly noticed deposition, the court must order reimbursement of the reasonable expenses caused by that failure unless the non-appearing party can show the nonappearance was "substantially justified." The standard does not require a showing of willfulness or bad faith— even an unintentional or excusable failure triggers the duty to reimburse unavoidable costs.

10. Further these provisions also create a clear framework: A deponent's failure to appear after proper notice triggers the court's authority to award expenses; and under Rule 37(d)(3), the court must require the party or counsel to pay the reasonable expenses caused by that failure unless they carry the burden of showing that the failure was "substantially justified" or that other circumstances make an award unjust.

11. The Rules do not spell out an exhaustive definition of "substantially justified," but they make two things clear: (1) The burden lies with the party who failed to appear to come forward with a concrete, evidentiary basis showing that the nonappearance was reasonable under the circumstances; and (2) the court's default position is mandatory cost-shifting—expenses are to be awarded unless that burden is met.

## B. Defendants Have Provided No Competent Evidence Showing Substantial Justification

12. Here, Defendants have failed to produce any credible information to allow the Court—or Plaintiff—to conclude that Paige Ben-Dashan's nonappearance was "substantially justified" within the meaning of Rules 30(g)(1) and 37(d)(3). The only materials produced are:

---

[10] *Id.*

a. A brief hospital note from Northwestern Memorial Hospital that simply states Ms. Ben-Dashan was "seen and admitted" on September 20–21, 2025, without any signature, identifiable provider name, diagnosis explanation, or statement that she was medically unable to attend a deposition at 10:00 a.m. on Monday, September 22; and

b. A self-serving, unsworn letter from defense counsel dated October 2, 2025—labeled "attorney eyes only"—which recites hearsay from the client about vertigo, dizziness, and a diagnosis of BPPV, but offers no sworn declaration, no supporting medical records, and no contact information or statement from any treating physician.

13. Counsel's letter is argument, not evidence. It does not transform the vague hospital note into proof that Ms. Ben-Dashan was actually incapacitated at the time of the deposition or that she was unable to sit for even a short examination, whether in person or remotely. Nor do Defendants explain why, if Ms. Ben-Dashan was admitted to the emergency room around 2:00 p.m. on Saturday, September 20, they waited until 6:35 a.m. on Sunday—more than sixteen hours later and barely twenty-seven hours before the deposition—to send a single email notice without confirming receipt.

14. Even if Defendants' account of Ms. Ben-Dashan's symptoms is accepted as true, nothing in the medical note or counsel's letter indicates that she was incapacitated or medically unable to sit for a deposition. Benign paroxysmal positional vertigo ("BPPV"), the condition claimed by Defendants, is typically brief, episodic, and treatable, and does not ordinarily prevent a person from testifying. No physician stated that Ms. Ben-Dashan was unable to participate in legal proceedings, restricted her travel, or prohibited her from sitting upright for questioning. Courts require "substantial justification" for missing a deposition, and Defendants have made no such showing here. Thus, even timely notice would not have excused her nonappearance.

15. Neither of these documents satisfies Defendant's burden. A one-page hospital note devoid of medical detail and an attorney's unsworn narrative do not establish that Ms. Ben-Dashan was medically unable to appear or that her nonappearance was substantially justified. Moreover,

Defendants have refused to produce any additional records despite repeated requests, leaving the Court and Plaintiff with only speculation.

16. Even taking Defendants' account at face value, the record shows: (a) No sworn medical affidavit linking Ms. Ben-Dashan's symptoms to an inability to testify on Monday morning; (b) no explanation why earlier notice could not have been provided on Saturday once she was admitted; and (c) No evidence of any attempt to reach Plaintiff's counsel by phone, text, or alternate means that actually succeeded before Mr. Song's travel.

**C. Defendants' Notice Was Untimely and Ineffective**

17. Even assuming Ms. Ben-Dashan experienced legitimate medical issues, the timing and manner of Defendants' notice was unreasonable. The email was sent at 6:35 a.m. on a Sunday, the morning before the deposition was to take place, when airlines, hotels, and third-party vendors are difficult to reach and change fees or penalties are at their most restrictive. By that point, Plaintiff's counsel had already committed to the trip and incurred expenses that were, as a practical matter, unavoidable, even in the best-case scenario where the email was read right away.

18. Defendants' counsel did not attempt to confirm receipt of the message by phone or otherwise. Nor did they provide any explanation for why notice could not have been given earlier on Saturday, when Ms. Ben-Dashan had already been admitted to the hospital. Sending a single email on a Sunday morning—when offices and vendors are closed—was plainly insufficient to prevent needless expense.

19. Even if Plaintiff's counsel had seen the email immediately, the lateness of the notice rendered mitigation impossible: flights were non-changeable, hotels were prepaid, and the court reporter had been retained. The rules contemplate precisely this scenario and place the burden of those unavoidable costs on the party who failed to appear. On this record, Defendants have provided too little information, too late to meet their burden.

20. The vague hospital note and unsworn hearsay letter simply do not establish that Ms. Ben-Dashan's failure to appear was "substantially justified" within the meaning of Rules 30(g)(1) and 37(d)(3), nor do they explain or excuse the lack of timely, confirmed notice before Plaintiff's counsel traveled and the reporter appeared. In the absence of adequate justification, the Rules require the Court to award Plaintiff the reasonable expenses caused by Defendants' failure to appear.

**D. Plaintiff's Expenses Were Reasonable, Documented, and Directly Caused by the Nonappearance**

21. Plaintiff incurred a total of $7,259.30 in reasonable and necessary expenses caused directly by Ms. Ben-Dashan's failure to appear, including for Plaintiff's counsel's travel time, airfare, and lodging as well as court reporter and videographer fees. These expenses were fully documented and unavoidable once travel had commenced. Plaintiff's counsel and the reporter both appeared as noticed, ready to proceed. The expenses are precisely the type of costs Rules 30(g)(1) and 37(d)(3) are designed to reimburse.

22. Plaintiff's counsel promptly sought reimbursement following the nonappearance. Plaintiff sent a letter requesting repayment of the incurred expenses and offering to accept only 50% of Mr. Song's billed travel time as a good-faith compromise. Defendants declined.

23. Plaintiff followed up numerous times by email to Defendant's counsel, in hopes of resolving the issue without court intervention. Defendant again refused. Their continued unwillingness to reimburse any portion of the costs, coupled with the lack of competent evidence supporting their justification, leaves no alternative but to seek relief from the Court.

24. On this record, Defendants have not carried their burden of showing that Ms. Ben-Dashan's nonappearance was substantially justified or that an award of expenses would be unjust. The undisputed facts demonstrate (1) a failure to appear, (2) notice provided on a Sunday, only twenty-

seven hours before, (3) reasonable, nonrefundable expenses directly caused by the nonappearance, and (4) a complete refusal to reimburse despite multiple opportunities.

25. Under Rules 30(g)(1) and 37(d)(3), the Court therefore must order reimbursement of Plaintiff's reasonable expenses in the amount of $7,259.30, or such other amount as the Court deems just and proper.

### PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff Ko Iwasaki respectfully requests that the Court grant this Motion and enter an order under Federal Rules of Civil Procedure 30(g)(1) and 37(d)(3) as follows:

a. Awarding Plaintiff reimbursement of $7,259.30 in reasonable expenses incurred as a direct result of Defendant Paige Ben-Dashan's failure to appear for her deposition on September 22, 2025.

b. Directing Defendants to produce competent medical documentation supporting their claim of substantial justification, or else deeming the justification unsupported;

c. Plaintiff also requests reimbursement for reasonable attorney's fees incurred in attempting to confer with Defendants to resolve this issue and in preparing this Motion, in an amount to be documented by supplemental declaration following the Court's ruling; and

d. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SONG WHIDDON PLLC**

*/s/ **Ivan Celis***
Tailim Song
State Bar No. 00792845
tsong@songwhiddon.com
Ivan Celis
State Bar No. 24142767
icelis@songwhiddon.com
8131 LBJ Freeway, Suite 770
Dallas, Texas 75251-1395
Telephone: (214) 528-8400

Fax: (214) 528-8402
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been forwarded on December 12th, 2025, to all known counsel.

*/s/ **Ivan Celis***
Ivan Celis

# CHASE ○ for BUSINESS®

Exhibit A

Printed from Chase for Business

---

## Transaction details

---

## BUSINESS CARD (...1824)

**$686.97**
Sale

 Sep 19, 2025
Transaction date

Sep 21, 2025
Posted date

 American Airlines
American Airlines

---

| | |
|---|---|
| Description | American Airlines |
| Also known as | American Airlines |
| Merchant type | AMERICAN AIRLINES |
| Method | Online, mail or phone |
| Card number | (...1824) |
| Category | Travel |

---

### Rewards earned with this transaction

| | |
|---|---|
| +2% (2 Pts)/$1 earned on all purchases | 1,374 |
| Total Ultimate Rewards® points | 1,374 |

---

Transaction details may be preliminary or incomplete and may not match the transaction as it appears on your periodic statement, which is the official record of your account activity.

9/30/25, 5:12 PM
Case: 1:25-cv-00128 Document #: 107 Filed: 12/12/25 Page 11 of 41 PageID #:477
transactions/chase.com

JPMorgan Chase Bank, N.A. Member FDIC     ©2025 JPMorgan Chase & Co     Equal Opportunity Lender



**CHASE** *for* **BUSINESS**®

Printed from Chase for Business

---

## Transaction details

---

### BUSINESS CARD (...1824)

$208.33
Sale

 Sep 19, 2025
Transaction date

Sep 21, 2025
Posted date

 RESIDENCE INN

---

| | |
|---|---|
| Description | RESIDENCE INN |
| Also known as | RESIDENCE INN |
| Merchant type | Travel agencies and tour operators |
| Method | Online, mail or phone |
| Card number | (...1824) |
| Category | Travel |

---

Rewards earned with this transaction

| | |
|---|---|
| +2% (2 Pts)/$1 earned on all purchases | 417 |
| Total Ultimate Rewards® points | 417 |

---

Transaction details may be preliminary or incomplete and may not match the transaction as it appears on your periodic statement, which is the official record of your account activity.

JPMorgan Chase Bank, N.A. Member FDIC          ©2025 JPMorgan Chase & Co          Equal Opportunity Lender



## DFW Airport Parking Receipt

**Entry:** Sunday        September 21, 2025 07:56        **Lane:** DFW-NPE-055

**Exit:** Monday        September 22, 2025 20:00        **Lane:** DFW-NPX-085

**Tag Number:**     DFW.06563041

**Parking Fee:**     $64.00

**NTTA Tag Charged:**     $64.00

**Taxes Included**

**Thank you for parking at the DFW Airport**

Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KO IWASAKI, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: 1:25-CV-00128 |
| | § | |
| P&G RARE VIOLINS, INC. | § | |
| (D/B/A "BEIN & FUSHI, INC."), | § | |
| BEN-DASHAN, INC., GABRIEL | § | |
| BEN-DASHAN, INDIVIDUALLY, | § | |
| AND PAIGE BEN-DASHAN, | § | |
| INDIVIDUALLY, | § | |
| DEFENDANTS. | § | |

### UNSWORN DECLARATION OF TAILIM SONG

I, Tailim Song, hereby declare, under penalty of perjury, that the following statements are true and correct:

1. My name is Tailim Song, I am over the twenty-one (21) years of age and of sound mind, and fully competent to make this declaration. I am an attorney licensed to practice law in the State of Texas and admitted to practice before this Court pro hac vice in this matter. I have not been convicted of a felony or crime involving moral turpitude in the last ten (10) years. I am lead counsel for Plaintiff Ko Iwasaki in the above-captioned case. I have personal knowledge of the facts stated herein and am competent to testify to them.

2. On September 21, 2025, I traveled from Dallas, Texas to Chicago, Illinois to take the deposition of Defendant Paige Ben-Dashan, scheduled to begin at 10:00 a.m. CST on Monday, September 22, 2025, in downtown Chicago.

3. The deposition was properly noticed under Federal Rule of Civil Procedure 30(b)(1), and Defendants did not object to the date, time, or location prior to the scheduled appearance.

4. On Sunday, September 21, 2025, at approximately 6:35 a.m. CST, Defendant's counsel, David Letvin, sent an email stating that Ms. Ben-Dashan would not appear due to a purported medical issue. By that time, I was en route to the airport, and all travel and court reporter arrangements were nonrefundable. Defendants' counsel did not contact me by telephone or otherwise confirm receipt of his email before my departure. I did not see the message until I had already arrived in Chicago.

**Unsworn Declaration of Tailim Song**

Given the timing of the notice, it was not possible to cancel or modify any travel or vendor arrangements.

5. Had I received notice on Saturday, September 20, 2025—when Defendants admit Ms. Ben-Dashan was taken to the emergency room—I would not have traveled to Chicago, and the expenses incurred would have been avoided.

6. After receiving notice of Ms. Ben-Dashan's nonappearance, I attempted to confer with Mr. Letvin to resolve the issue amicably. On October 2, 2025, my associate, Ivan Celis, sent a detailed letter requesting reimbursement of the expenses incurred. Mr. Letvin later refused to reimburse any amount.

7. As a direct result of Defendant's failure to appear, Plaintiff incurred $7,259.30 in expenses for attorney travel time and airfare, as well as court reporter and videographer fees.

8. The time and expenses incurred were reasonable and necessary given the distance of travel, the nature of the case, and the short notice of cancellation. All travel arrangements and professional services had been confirmed and paid for prior to Defendant's notice.

9. The documentation provided by Defendant—consisting of a vague hospital note and a letter from Mr. Letvin marked "Attorney Eyes Only"—does not provide competent or sufficient medical information to constitute substantial justification under Rule 37(d). Accordingly, these documents do not satisfy Defendants' burden to demonstrate substantial justification for the failure to appear.

10. Even if Ms. Ben-Dashan experienced symptoms consistent with benign paroxysmal positional vertigo ("BPPV"), neither the hospital note nor any other record indicates that she was medically unable to sit for a deposition—whether in person or remotely—on September 22, 2025. No treating provider stated that she was incapacitated, restricted from participating in legal proceedings, or otherwise unable to testify.

11. Defendants have not produced any affidavit, statement, or certification from a medical professional explaining Ms. Ben-Dashan's condition, its severity, or any limitation preventing her attendance. The materials provided do not constitute competent medical evidence of substantial justification under Rule 37(d).

Executed on this 8th day of December 2025, in Dallas County, Texas.

_Tailim Song_
_____
Tailim Song

**Northwestern**
Medicine®

Exhibit C

September 21, 2025

| | |
|---|---|
| Patient: | **Paige Ben Dashan** |
| Date of Birth: | **11/19/1966** |
| Date of Visit: | **9/20/2025** |

To Whom It May Concern:

Paige Ben Dashan was seen and admitted to Northwestern Memorial Hospital from 09/20-09/21/2025.

Sincerely,

Tuyet Quach Kelly, PA-C

251 E. HURON STREET
FEINBERG PAVILION
CHICAGO IL 60611-2908
Phone: 312-926-5188
Fax: 312-926-2000

Page 1 of 1



Exhibit D

**Ivan Celis <icelisswpllc@gmail.com>**

---

## Important message re Ko Iwasaki v. P&G Rare Violins, Inc. and Ben-Dashan Inc.
10 messages

---

**David J. Letvin** <davidletvin@aol.com>                                                    Sun, Sep 21, 2025 at 7:54 AM
To: Shayla Hamilton <shamilton@songwhiddon.com>
Cc: Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Ivan Celis
<icelis@songwhiddon.com>

I do not have a mobile number for Mr Song and text messages sent via your firm website to him are not deliverable. So
please ask him to check his email before his departure to Chicago on September 21, as the Monday deposition must be
rescheduled.

David Letvin

Sent from the all new AOL app for iOS

On Wednesday, September 10, 2025, 4:50 PM, Shayla Hamilton <shamilton@songwhiddon.com> wrote:

---------- Forwarded message ---------
From: **Shayla Hamilton** <shamilton@songwhiddon.com>
Date: Wed, Sep 10, 2025 at 4:49 PM
Subject: Re: Settlement Offer – Ko Iwasaki v. P&G Rare Violins, Inc. and Ben-Dashan Inc.
To: <letvinandstein@gmail.com>
Cc: Ivan Celis <icelis@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Jordan Whiddon
<jwhiddon@songwhiddon.com>

Dear Mr. Letvin,

Attached is correspondence from Mr. Tailim Song regarding the above matter.

Kindly confirm receipt, and let me know if you have any questions.

Best,



Shayla Hamilton
Paralegal
SONG WHIDDON, PLLC
8131 LBJ Freeway, Suite 770,
Dallas, Texas 75251
Telephone (214) 528-8400
Fax (214) 528-8402

IMPORTANT NOTICES:

11/6/25, 4:21 PM
Gmail - Important message re: Kowasaki v. L & S Racing, Inc. and Song Whiddon, Inc.
Case: 1:25-cv-00128 Document #: 107 Filed: 12/12/25 Page 20 of 41 PageID #:486

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.

On Mon, Sep 8, 2025 at 3:30 PM Shayla Hamilton <shamilton@songwhiddon.com> wrote:

Dear Mr. Castle,

Attached is correspondence from Mr. Tailim Song regarding the above matter.

Kindly confirm receipt, and let me know if you have any questions.


Best,


SW

Shayla Hamilton
Paralegal
SONG WHIDDON, PLLC
8131 LBJ Freeway, Suite 770,
Dallas, Texas 75251
Telephone (214) 528-8400
Fax (214) 528-8402


IMPORTANT NOTICES:

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.

**Shayla Hamilton** <shamilton@songwhiddon.com>                    Sun, Sep 21, 2025 at 12:44 PM
To: "David J. Letvin" <davidletvin@aol.com>
Cc: Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Ivan Celis
<icelis@songwhiddon.com>

Dear Mr. Letvin,

Mr. Song is already in Chicago for the deposition set for **Monday, September 22, 2025**. If the witness is not available and
the deposition must be rescheduled at this late stage, we will seek appropriate sanctions, including—but not limited to—
Mr. Song's time, the court reporter's appearance fee, and our travel expenses.

If rescheduling is unavoidable, **please confirm in writing by 2:00 p.m. CT today** and provide three alternative dates
when the witness will be produced.

You may reach me by email at **shamilton@songwhiddon.com**; I will connect you with Mr. Song immediately.

Best,



Shayla Hamilton
Paralegal
SONG WHIDDON, PLLC
8131 LBJ Freeway, Suite 770,
Dallas, Texas 75251
Telephone (214) 528-8400
Fax (214) 528-8402


IMPORTANT NOTICES:

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use
of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended
recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions
may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a
transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall
satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under
the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or
any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve
the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from
this email address may be stored on the law firm email system.

[Quoted te t hidden]

**David Letvin** <davidletvin@aol.com>                         Sun, Sep 21, 2025 at 1:18 PM
To: Shayla Hamilton <shamilton@songwhiddon.com>
Cc: Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Ivan Celis
<icelis@songwhiddon.com>

As of this moment and my most recent information Mrs Ben Dashan remains hospitalized.

Sent from my iPhone

On Sep 21, 2025, at 12:44 PM, Shayla Hamilton <shamilton@songwhiddon.com> wrote:

[Quoted text hidden]

---

**tailim song** <tailim_song@me.com>                                    Sun, Sep 21, 2025 at 6:46 PM
To: David Letvin <davidletvin@aol.com>
Cc: Shayla Hamilton <shamilton@songwhiddon.com>, Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Ivan Celis <icelis@songwhiddon.com>

Dear David:

I arrived in Chicago this morning.  I am sorry to hear your client is in the hospital. Given the circumstances, I will take a certificate of nonappearance.  After I take the certificate, I will try to catch a flight back to Dallas.

 If anything changes, please let me know.

Tailim


Sent from my iPhone

On Sep 21, 2025, at 1:20 PM, David Letvin <davidletvin@aol.com> wrote:

As of this moment and my most recent information Mrs Ben Dashan remains hospitalized.

[Quoted text hidden]

---

**David Letvin** <davidletvin@aol.com>                                   Sun, Sep 21, 2025 at 7:48 PM
To: tailim song <tailim_song@me.com>
Cc: Shayla Hamilton <shamilton@songwhiddon.com>, Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Ivan Celis <icelis@songwhiddon.com>, "William A. Castle Jr." <wcastle@llflegal.com>, Gabriel Ben-Dashan <gabriel@beinfushi.com>

Tailim,

I will stipulate that my hospitalized client did not appear, that you were advised very early this morning, more than 24 hours before the agreed upon date deposition date and time, that she was hospitalized and would therefore not be able to appear, and that the deposition would therefore have to be rescheduled. There is no reason for you to incur the expenses of the reporter or for you to go through the charade of complaining about her non- appearance. I hope to contact your office tomorrow or Tuesday to arrange a new date.

By the way, you should be aware that though your firm website provides the option to send you text messages, when utilized three times this morning the messages advising you to check your email for a message from my office from very early this morning, in all likelihood sent before you left Dallas, all failed to deliver.

David

Sent from my iPad

On Sep 21, 2025, at 6:46 PM, tailim song <tailim_song@me.com> wrote:

Dear David:

[Quoted te  t hidden]

---

**Shayla Hamilton** <shamilton@songwhiddon.com>                    Tue, Sep 23, 2025 at 4:18 PM
To: David Letvin <davidletvin@aol.com>
Cc: tailim song <tailim_song@me.com>, Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song
<tsong@songwhiddon.com>, Ivan Celis <icelis@songwhiddon.com>, "William A. Castle Jr." <wcastle@llflegal.com>, Gabriel
Ben-Dashan <gabriel@beinfushi.com>

Dear Mr. Letvin,

I hope this finds you well and that Mrs. Ben-Dashan is on the mend. We certainly wish her a smooth recovery.

As we work to coordinate a new deposition date, could you let me know when you first became aware she would not be
able to attend on September 22? It would also be helpful to know whether her doctors have given you any general sense
of when she may be available.

Even a brief update will allow us to coordinate with the Court and the reporter without delay.

Thank you, and I appreciate your assistance.

Best,



Shayla Hamilton
Paralegal
SONG WHIDDON, PLLC
8131 LBJ Freeway, Suite 770,
Dallas, Texas 75251
Telephone (214) 528-8400
Fax (214) 528-8402

IMPORTANT NOTICES:

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use
of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended
recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions
may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a
transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall
satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under
the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or
any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve
the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from
this email address may be stored on the law firm email system.

[Quoted te t hidden]

**Shayla Hamilton** <shamilton@songwhiddon.com>                    Wed, Sep 24, 2025 at 8:01 AM
To: David Letvin <davidletvin@aol.com>
Cc: tailim song <tailim_song@me.com>, Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song
<tsong@songwhiddon.com>, Ivan Celis <icelis@songwhiddon.com>, "William A. Castle Jr." <wcastle@llflegal.com>, Gabriel
Ben-Dashan <gabriel@beinfushi.com>

11/6/25, 4:21 PM Gmail - Important message re Kawasaki Rarengan2, not an Urengangeld ltc.

Case: 1:25-cv-00128 Document #: 107 Filed: 12/12/25 Page 24 of 41 PageID #:490

Dear Mr. Letvin,

Thank you again for your prior updates regarding Mrs. Ben-Dashan. We want to be mindful of her circumstances while also keeping the case moving forward.

Could you please confirm (1) the date and time you were first informed that she would not be able to appear on September 22, and (2) whether her care team has provided any written or verbal guidance about her ability to participate in a deposition? That information will help us communicate accurately with the Court and work together to set a realistic new date.

We appreciate your cooperation and wish Mrs. Ben-Dashan continued recovery.


Best,




Shayla Hamilton
Paralegal
SONG WHIDDON, PLLC
8131 LBJ Freeway, Suite 770,
Dallas, Texas 75251
Telephone (214) 528-8400
Fax (214) 528-8402


IMPORTANT NOTICES:

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.

[Quoted text hidden]

---

**Shayla Hamilton** <shamilton@songwhiddon.com>                    Wed, Sep 24, 2025 at 9:44 AM
To: David Letvin <davidletvin@aol.com>
Cc: tailim song <tailim_song@me.com>, Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Ivan Celis <icelis@songwhiddon.com>, "William A. Castle Jr." <wcastle@llflegal.com>, Gabriel Ben-Dashan <gabriel@beinfushi.com>


Dear Mr. Letvin,

I am following up once more regarding Mrs. Ben-Dashan's availability. We need to confirm (1) the date and time you first learned she would not be able to attend the September 22 deposition, and (2) whether her doctors have provided any

written or verbal guidance about her ability to participate going forward.

We fully understand and respect her health circumstances. At the same time, the Court and reporter require timely updates so that scheduling can proceed without unnecessary delay. A brief confirmation on these two points will allow us to coordinate responsibly.

Thank you for your attention, and we wish Mrs. Ben-Dashan continued recovery.


Best,




Shayla Hamilton
Paralegal
SONG WHIDDON, PLLC
8131 LBJ Freeway, Suite 770,
Dallas, Texas 75251
Telephone (214) 528-8400
Fax (214) 528-8402


IMPORTANT NOTICES:


This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.
[Quoted text hidden]

 Virus-free.www.avast.com

---

**Ivan Celis** <icelis@songwhiddon.com>                                    Thu, Sep 25, 2025 at 5:52 PM
To: David Letvin <davidletvin@aol.com>
Cc: tailim song <tailim_song@me.com>, Jordan Whiddon <jwhiddon@songwhiddon.com>, Tailim Song
<tsong@songwhiddon.com>, "William A. Castle Jr." <wcastle@llflegal.com>, Gabriel Ben-Dashan <gabriel@beinfushi.com>,
Shayla Hamilton <shamilton@songwhiddon.com>

Mr. Letvin,

I hope Mrs. Ben-Dashan is recovering and doing well.

We want to proceed in good faith, and we appreciate your updates. At the same time, we have to "trust but verify" for the
record. Would you please provide official medical documentation confirming:

1. The date and approximate time Mrs. Ben-Dashan presented to the hospital;

2. That the presentation was for an emergent/urgent (non-elective) issue; and

3. Any general guidance from her providers about when she can sit for a deposition (e.g., "available after ___," or
   "requires ___ days/weeks before participation").

To be clear, we are not seeking sensitive medical details--only minimal verification of timing and the emergency nature. A
simple doctor's note or hospital letter on letterhead will suffice. We will treat any document as Attorneys' Eyes Only unless
you prefer a different designation.

Separately, please provide three concrete dates within the next 21 days when Mrs. Ben-Dashan can be produced.

As you know, under Rule 37(d), expenses are typically shifted absent substantial justification. If the hospitalization was
emergent, your documentation should resolve that issue. If it was elective or known in advance, we'll need to address the
costs associated with Mr. Song's same-day travel, the reporter, and related preparation time. We're hopeful that won't be
necessary.

Thank you for your cooperation, and we wish Mrs. Ben-Dashan a speedy recovery. I'll look for your response so we can
update the Court and the reporter appropriately.

Sincerely,



**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
**Telephone (214) 528-8400**
**Fax (214) 528-8402**

**IMPORTANT NOTICES:**

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.

[Quoted te t hidden]



Exhibit E



Ivan Celis <icelisswpllc@gmail.com>

## Paige Ben Dashan Deposition dates
20 messages

**David J. Letvin** <davidletvin@aol.com>                                    Tue, Sep 30, 2025 at 2:44 PM
To: Ivan Celis <icelis@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Vrinda Bhuta
<vbhuta@songwhiddon.com>
Cc: "William A. Castle" <wcastle@llflegal.com>

    Ivan--

    Since 10/13 is out, we can do the afternoon only of 10/9, and we can do all day 10/20. As a
    practical matter, the deposition should not take anything like as long as Gabriel's went, so the 9th
    should be sufficient. But if Tailim really wants to take his seven hours we can make 10/20 work.
    Please advise as promptly as possible.

    David

    **David J. Letvin**
    **LETVIN & STEIN**
    **NEW telephone number: 773-703-2303**
    email **davidletvin@aol.com**
    letvinandstein@gmail.com

    **NEW ADDRESS:**

    **LETVIN & STEIN**
    **P.O. BOX 151**
    **WILMETTE IL 60091-0151**

    To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that: Any U.S. tax advice contained in this communication
    (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any ta  related penalties that may be imposed under
    Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

    This transmission may contain information that is privileged, confidential, or exempt from disclosure. If you are not the intended recipient, your disclosure,
    copying, distribution, or use of the information contained herein (including any reliance thereon) is prohibited  If you received this transmission in error, contact
    the sender and delete the material from any computer immediately.

**Ivan Celis** <icelis@songwhiddon.com>                                    Tue, Sep 30, 2025 at 4:05 PM
To: "David J. Letvin" <davidletvin@aol.com>
Cc: Tailim Song <tsong@songwhiddon.com>, "William A. Castle" <wcastle@llflegal.com>, Riley Fountain
<rfountaintslf@gmail.com>, Shayla Hamilton <shamilton@songwhiddon.com>

    David,

    Thanks for the options. Mr. Song will need a full day for Mrs. Ben-Dashan's deposition. After reviewing Mr. Song's
    calendar, he is not available on 10/20.

    Separately, the points in my prior email remain outstanding. Respectfully, we still need: (1) the reason for Mrs. Ben-
    Dashan's hospitalization, (2) whether it was emergent/ER or otherwise non-elective, and (3) when she first learned she
    would need to go. A generic note does not allow us to evaluate the legitimacy of the last-minute cancellation that caused
    significant, avoidable expense. If you can provide the requested information, we will treat it Attorneys' Eyes Only.

    The standard is clear: if counsel learns of a circumstance that will disrupt a scheduled deposition, you must advise the
    other side as soon as you know. Here, we received nothing until the day before, when Mr. Song was already en route.
    That deprived us of any reasonable chance to adjust and resulted in unnecessary airfare, hotel, and billable time.

That said, we would loathe to involve the Court, and in the interest of avoiding motion practice, we will accept an alternative: if your client agrees to reimburse Mr. Song's airfare, hotel, and 8 hours of travel time, then we will forego the detailed medical explanation and treat the matter as resolved. Please let us know within two business days whether your client will reimburse those items. If not, please provide the requested information (again, Attorneys' Eyes Only) so we can avoid court involvement. Otherwise, we will have no choice but to bring this issue before the Court.

We are making every effort to be reasonable and avoid motion practice, but with all due respect, we need a substantive response on this issue promptly.

Additionally: I would appreciate it if you could please keep your responses to one thread, as I have cc'd essential personnel in helping coordinate Mr. Song's schedule, and keeping responses through one thread would make it easier for everyone to stay involved and keep track of case updates.


Sincerely,




**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
**Telephone (214) 528-8400**
**Fax (214) 528-8402**


**IMPORTANT NOTICES:**


**This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.**

**This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.**

**Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.**


[Quoted text hidden]

---

**David Letvin** <davidletvin@aol.com>                                   Tue, Sep 30, 2025 at 4:22 PM
To: Ivan Celis <icelis@songwhiddon.com>
Cc: Tailim Song <tsong@songwhiddon.com>, "William A. Castle" <wcastle@llflegal.com>, Riley Fountain <rfountaintslf@gmail.com>, Shayla Hamilton <shamilton@songwhiddon.com>

Ivan,

Regarding dates we will return to the drawing board and be back in touch when other dates are available to share.

Regarding threads, this one was started precisely because the date when the deposition is rescheduled to has no relationship whatsoever with the facts concerning Mrs Ben Dashan's hospitalization, and indeed by your including Shayla Hamilton on the chain you make it that much more important that the issues be treated separately.

As to your other issues, I repeat my request for Mr. Song's flight detail and will explore the entire matter with our clients once that has been provided and not before.

David Letvin

Sent from my iPad

> On Sep 30, 2025, at 4:05 PM, Ivan Celis <icelis@songwhiddon.com> wrote:

[Quoted text hidden]

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.

[Quoted text hidden]

---

 Virus-free.www.avast.com

---

**David J. Letvin** <davidletvin@aol.com>      Wed, Oct 1, 2025 at 12:45 PM
To: Ivan Celis <icelis@songwhiddon.com>, Tailim Song <tsong@songwhiddon.com>, Vrinda Bhuta <vbhuta@songwhiddon.com>

Ivan--

I am happy to continue to try to coordinate a date for the deposition of Mrs Ben-Dashan. However, given the problems of getting a date we seem to be having, perhaps you could provide me with Mr Song's availability over the next six or eight weeks, so I can use that information as a starting point. Let me know if that will work.

David Letvin

**David J. Letvin**
**LETVIN & STEIN**
**NEW telephone number: 773-703-2303**
**email davidletvin@aol.com**
letvinandstein@gmail.com

 **NEW ADDRESS:**

**LETVIN & STEIN**
**P.O. BOX 151**
**WILMETTE IL 60091-0151**

To ensure compliance with U S Treasury Regulations governing ta practice, we inform you that Any U S ta advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal ta laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein

This transmission may contain information that is privileged, confidential, or e empt from disclosure If you are not the intended recipient, your disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is prohibited. If you received this transmission in error, contact the sender and delete the material from any computer immediately

[Quoted text hidden]

---

**Ivan Celis** <icelis@songwhiddon.com>      Wed, Oct 1, 2025 at 1:09 PM
To: "David J. Letvin" <davidletvin@aol.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, Riley Fountain <rfountainslf@gmail.com>

David,

Mr. Song spent 4 hours traveling on Sunday and 10 hours on Monday (including standby attempts and flight delays). At his billing rate, that amounts to $6,300 in time.

His direct travel expenses totaled $959.30:

- $686.97 – American Airlines

- $208.33 – Marriott Residence Inn

- $64.00 – DFW Parking

That brings the total to $7,259.30.

In the interest of resolving this without court involvement, we are willing to reduce the billed travel time by 50%, bringing the adjusted total to $4,109.30. If your client will reimburse this amount promptly, we will consider the matter resolved and forego the detailed medical explanation. Otherwise, we will pursue the full $7,259.30 along with the underlying information previously requested (reason for hospitalization, whether emergent/ER or otherwise non-elective, and when Mrs. Ben-Dashan first learned she would need to go).

We would prefer to resolve this amicably, but if reimbursement is not agreed upon, we will have no choice but to seek relief from the Court.

Separately, I don't know if you are purposefully doing this, I would hope not, but please stop removing people I have cc'd from the chain. Riley and Shayla are more familiar with Mr. Song's calendar and will be helping coordinate dates. I have re-added them to this thread, and Riley will respond with available dates for Mr. Song shortly.


Sincerely,



**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
**Telephone (214) 528-8400**
**Fax (214) 528-8402**


**IMPORTANT NOTICES:**


**This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.**

**This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.**

**Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.**

[Quoted te t hidden]

---

| | |
|---|---|
| **David J. Letvin** <davidletvin@aol.com> | Wed, Oct 1, 2025 at 1:35 PM |

To: Ivan Celis <icelis@songwhiddon.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, Riley Fountain <rfountaintslf@gmail.com>

Ivan--

Thank you for beginning to put some facts on the table. Please add to them the flight number and departure time for his Sunday flight, a copy of his fee agreement with your client, and a rational explanation of why he found it appropriate to stay in Chicago over night under the circumstances.

Detailed facts concerning the hospitalization are precisely those things I prefer to not spread in a medium that has the potential of ending up filed with the court. At this point I have sufficient information that I can share with you in a phone call on a strictly confidential basis, and I have no doubt but that that will convince you of the bona fides of her non-appearance at the deposition and its last minute and non-elective nature.

If you want a call concerning the medical issues, let me know a time that will work and I can call you.

David

**David J. Letvin**
**LETVIN & STEIN**
**NEW telephone number: 773-703-2303**
**email davidletvin@aol.com**
letvinandstein@gmail.com

 **NEW ADDRESS:**

**LETVIN & STEIN**
**P.O. BOX 151**
**WILMETTE IL 60091-0151**

To ensure compliance with U S Treasury Regulations governing ta practice, we inform you that Any U S ta advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal ta laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein

This transmission may contain information that is privileged, confidential, or e empt from disclosure If you are not the intended recipient, your disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is prohibited. If you received this transmission in error, contact the sender and delete the material from any computer immediately

[Quoted text hidden]

---

| | |
|---|---|
| **Ivan Celis** <icelis@songwhiddon.com> | Wed, Oct 1, 2025 at 1:46 PM |

To: Nathan Bowers <nbowers@songwhiddon.com>

Sincerely,

---------- Forwarded message ---------
From: **David J. Letvin** <davidletvin@aol.com>
Date: Wed, Oct 1, 2025 at 1:36 PM
Subject: Re: Paige Ben Dashan Deposition dates
To: Ivan Celis <icelis@songwhiddon.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, Riley Fountain
<rfountaintslf@gmail.com>

[Quoted te t hidden]

---

**Ivan Celis** <icelis@songwhiddon.com>           Thu, Oct 2, 2025 at 12:36 PM
To: "David J. Letvin" <davidletvin@aol.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, Riley Fountain
<rfountaintslf@gmail.com>

David,

Thank you for your response. Please refrain from being unnecessarily dismissive. Suggesting that the only way we can
receive information is by phone, or implying that our requests are unreasonable when we have made every effort to
resolve this without motion practice, is not productive. We are attempting to work with your client in good faith, without
court intervention. Furthermore, we are entitled to this information in writing, and the Court will expect it.

Respectfully, we cannot accept a phone call as a substitute for the written verification we've requested. If Mrs. Ben-
Dashan's hospitalization was truly emergent and non-elective, then providing the basic information: (1) the reason for her
hospitalization, (2) whether it was emergent/ER or otherwise non-elective, and (3) when she first learned she would need
to go, should not be controversial. We will treat it Attorneys' Eyes Only, but we must have it in writing for the record.

As for reimbursement: we have already provided you with the itemized totals of Mr. Song's travel hours and out-of-pocket
expenses. That is more than sufficient for your client to evaluate. Flight numbers, and our fee agreement with the client
are not relevant. The fee agreement in particular is protected by attorney–client privilege and work product, and your
request for it is improper. As counselors, we should not make representations or requests solely for the purpose of
harassing or causing needless expense, yet demanding privileged documents and irrelevant details serves no legitimate
purpose here.

We have been more than reasonable in offering a 50% reduction in Mr. Song's billed travel time. That brings the
reimbursement to $4,109.30, which we will accept to resolve the matter without court involvement. Otherwise, we will
pursue the full $7,259.30, along with the medical verification in writing.

We would prefer not to involve the Court, but if this continues, we will have no choice. Please let us know by 3 pm Friday,
October 3, 2025 whether your client will reimburse the $4,109.30 or provide the requested information in writing.


Sincerely,




**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**

[Quoted te t hidden]

---

**Ivan Celis** <icelis@songwhiddon.com>                    Thu, Oct 2, 2025 at 3:07 PM
To: "David J. Letvin" <davidletvin@aol.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, Riley Fountain
<rfountaintslf@gmail.com>

David,

Mr. Song has been extremely busy this week, but I was able to ask him to pull the information you requested. He arrived
in Chicago after 8:00 a.m. and did not leave until after 8:00 p.m. the following day. He attempted to catch earlier flights but
was unable to do so.

I've attached the receipts for airfare, hotel, and parking. We have not yet received the invoice from the court reporter and
videographer, but I will forward those to you once available.

Please don't make us have to go to court over this. If what we've provided is insufficient, let us know specifically what
more you contend is required. If you cannot agree to reimburse Mr. Song's airfare, hotel, and travel, then I will have no
choice but to raise this issue with the Court.

Finally, with respect to scheduling, Mr. Song will be out of the office from October 21–November 8 and has multiple jury
trials throughout November and December. At this time, the following dates are available for a full-day deposition of Mrs.
Ben-Dashan:

- Monday, November 24
- Tuesday, November 25
- Monday, December 22
- Tuesday, December 23
- Monday, December 29
- Tuesday, December 30

Please advise whether any of these dates will work on your end.


Warm Regards,




**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
**Telephone (214) 528-8400**
**Fax (214) 528-8402**


**IMPORTANT NOTICES:**

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.

[Quoted te t hidden]

---

**David J. Letvin** <davidletvin@aol.com>                                    Thu, Oct 2, 2025 at 3:10 PM
To: Ivan Celis <icelis@songwhiddon.com>

Thanks, but no attachments

**David J. Letvin**
**LETVIN & STEIN**
**NEW telephone number: 773-703-2303**
**email davidletvin@aol.com**
letvinandstein@gmail.com

 **NEW ADDRESS:**

**LETVIN & STEIN**
**P.O. BOX 151**
**WILMETTE IL 60091-0151**

To ensure compliance with U S  Treasury Regulations governing ta  practice, we inform you that  Any U S  ta  advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal ta  laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein

This transmission may contain information that is privileged, confidential, or e  empt from disclosure  If you are not the intended recipient, your disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is prohibited. If you received this transmission in error, contact the sender and delete the material from any computer immediately

[Quoted text hidden]

---

**Ivan Celis** <icelis@songwhiddon.com>                                    Thu, Oct 2, 2025 at 3:12 PM
To: "David J. Letvin" <davidletvin@aol.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, Riley Fountain
<rfountaintslf@gmail.com>

Sincerely,



**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
**Telephone (214) 528-8400**
**Fax (214) 528-8402**


**IMPORTANT NOTICES:**


This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.

[Quoted text hidden]

---

**3 attachments**

 **marriot.pdf**
118K

 **american.flight.pdf**
121K

 **parkingreceipt09302025172817618.pdf**
5K

---

David J. Letvin <davidletvin@aol.com>                        Thu, Oct 2, 2025 at 5:56 PM
To: Ivan Celis <icelis@songwhiddon.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, Riley Fountain
<rfountaintslf@gmail.com>, "William A. Castle" <wcastle@llflegal.com>

November 24, 2025 at Mr Castle's office in Chicago. We can start at 9 or at 10 or thereafter.
Please just advise in advance so we know when to plan to be there.

**David J. Letvin**
**LETVIN & STEIN**
**NEW telephone number: 773-703-2303**
**email davidletvin@aol.com**
letvinandstein@gmail.com

**NEW ADDRESS:**

**LETVIN & STEIN**
**P.O. BOX 151**
**WILMETTE IL 60091-0151**

To ensure compliance with U S  Treasury Regulations governing ta   practice, we inform you that  Any U S  ta  advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal ta   laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein

This transmission may contain information that is privileged, confidential, or e  empt from disclosure  If you are not the intended recipient, your disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is prohibited. If you received this transmission in error, contact the sender and delete the material from any computer immediately

[Quoted text hidden]

---

**Ivan Celis** <icelis@songwhiddon.com>                               Thu, Oct 2, 2025 at 6:13 PM
To: Riley Fountain <rfountaintslf@gmail.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, "William A. Castle" <wcastle@llflegal.com>, "David J. Letvin" <davidletvin@aol.com>

Riley,

Can you please confirm this date remains available for Mr. Song? If so, please calendar this for him.

Warm Regards,



**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
**Telephone (214) 528-8400**
**Fax (214) 528-8402**

**IMPORTANT NOTICES:**

**This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.**

**This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.**

**Please note that this law firm does not accept time sensitive or action oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.**

11/6/25, 4:29 PM
Case: 1:25-cv-00128 Document #: 107 Filed: 12/12/25 Page 39 of 41 PageID #:505
Gmail - Re: Ben-Dashan's Deposition dates

[Quoted te t hidden]

---

**Riley Fountain** <rfountaintslf@gmail.com>                                    Fri, Oct 3, 2025 at 8:55 AM
To: Ivan Celis <icelis@songwhiddon.com>
Cc: Tailim Song <tsong@songwhiddon.com>, Shayla Hamilton <shamilton@songwhiddon.com>, "William A. Castle"
<wcastle@llflegal.com>, "David J. Letvin" <davidletvin@aol.com>

Ivan,

Done.

**Regards,**



**Riley Fountain**
*Administrative Assistant*
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
Telephone **(214) 528-8400**
Fax **(214) 528-8402**

**IMPORTANT NOTICES:**
This message is attorney privileged and confidential information and is transmitted for the exclusive information and use
of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended
recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions
may be unlawful.

This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a
transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall
satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under
the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or
any other state governing electronic transactions.

Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the
right to monitor and review the content of all message sent to or from this email address. Messages sent to or from this
email address may be stored on the law firm email system.

[Quoted te t hidden]

---

**Ivan Celis** <icelis@songwhiddon.com>                                    Mon, Nov 3, 2025 at 4:20 PM
To: "David J. Letvin" <davidletvin@aol.com>
Cc: Shayla Hamilton <shamilton@songwhiddon.com>, "William A. Castle" <wcastle@llflegal.com>, Riley Fountain
<rfountaintslf@gmail.com>, Tailim Song <tsong@songwhiddon.com>

Hi David,

Apologies for the delay. We appreciate your letter regarding Ms. Ben-Dashan's non-appearance at her deposition in
Chicago. While we understand the medical circumstances you described, the notice provided was not sufficient to prevent
unnecessary expense. Mr. Song was already en route to Chicago when your message was received, and the court
reporter had been retained and prepared to proceed.

Under Federal Rules of Civil Procedure 30(g)(1) and 37(d)(3), the party whose failure to appear causes opposing counsel to incur expenses is responsible for reimbursing those reasonable costs. To resolve this matter without court involvement, we have exercised substantial discretion and offered a 50% reduction in Mr. Song's billed travel time.

Accordingly, we request reimbursement in the amount of $4,109.30, representing half of Mr. Song's travel time plus the deposition-related and court-reporter charges. If we do not receive payment within 14 days, we will move for full recovery of $7,259.30 and will request production of the supporting medical documentation in writing as referenced in your letter.

We trust this will resolve the matter amicably. Please let us know once payment has been processed so we can confirm receipt.


Warm Regards,




**Ivan Celis**
**Associate Attorney**
**SONG WHIDDON, PLLC**
**8131 LBJ Freeway, Suite 770**
**Dallas, Texas 75251**
**Telephone (214) 528-8400**
**Fax (214) 528-8402**


**IMPORTANT NOTICES:**


**This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person and any such actions may be unlawful.**

**This communication does not reflect an intention by the sender or the sender's agent or sender's client to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.**

**Please note that this law firm does not accept time sensitive or action-oriented messages via email. We further reserve the right to monitor and review the content of all messages sent to or from this email address. Messages sent to or from this email address may be stored on the law firm email system.**

[Quoted text hidden]

---

**David J. Letvin** <davidletvin@aol.com>                    Thu, Nov 6, 2025 at 10:46 AM
To: Ivan Celis <icelis@songwhiddon.com>
Cc: Shayla Hamilton <shamilton@songwhiddon.com>, "William A. Castle" <wcastle@llflegal.com>, Riley Fountain <rfountaintslf@gmail.com>, Tailim Song <tsong@songwhiddon.com>

Ivan--

Your office's principal Mr Song was given clear written notice of the need to postpone Mrs. Ben-Dashan's deposition twenty-seven and a half hours before the scheduled deposition, at 6:41 a.m. on Sunday. Additional efforts were made to contact him over the next several hours but your

office's electronic communications links would not deliver our repeated text messages. We reached out to an assistant in your office whose email address appeared in prior communications.  In addition, after we finally heard from Mr Song himself, some thirteen hours later, we offered to stipulate to Mrs Ben-Dashan's non-appearance precisely to avoid your expenses of the court reporter, videographer, and Mr. Song's involvement in her non-appearance. None of these expenses were necessarily incurred.

Under the totality of the circumstances, which I am not going to repeat here, our clients will not agree to reimburse or pay the expenses you are claiming.

You are reminded of the limiting conditions on which my October 2, 2025 correspondence concerning the medical was provided to you. We expect your full compliance.

We expect to be producing Mrs Ben-Dashan for her deposition on the rescheduled date of November 24 at 10:00 a.m. Should circumstances change we will, of course, notify your office.

Regards,

David Letvin

**David J. Letvin**
**LETVIN & STEIN**
**NEW telephone number: 773-703-2303**
**email davidletvin@aol.com**
letvinandstein@gmail.com

 **NEW ADDRESS:**

**LETVIN & STEIN**
**P.O. BOX 151**
**WILMETTE IL 60091-0151**

To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that: Any U.S. tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any ta  related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

This transmission may contain information that is privileged, confidential, or exempt from disclosure. If you are not the intended recipient, your disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is prohibited  If you received this transmission in error, contact the sender and delete the material from any computer immediately.

[Quoted te t hidden]